IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEAN M. RIECK,
               Plaintiff,

v.

JAVELIN HARDY, WILL MCDOWELL,
and CRAIG BACHMAN,
               Defendants.

CV. 05-209-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

      Plaintiff, appearing *pro se*, filed this action for damages and declaratory relief under 42 U.S.C. §1983. Plaintiff alleges deprivation of liberty and property without due process in violation of the Fourteenth Amendment to the United States Constitution. Defendants have filed a Fed. R. Civ. P. 12(c) Motion to Dismiss (No. 16) on the grounds that Plaintiff's action is an impermissible challenge to the terms of his probation. For the reasons that follow, Defendants' motion should be granted.

FACTS

In September 2004, Plaintiff was convicted of burglary and sentenced to 24 months probation. As a general condition of his probation, Plaintiff was required to "remain in the State of Oregon until written permission to leave is granted by the Department of Corrections or a county community corrections agency." O.R.S. § 137.540.

Defendants are employees of Multnomah County: Hardy and McDowell are probation officers; Bachman is a supervisor in the probation department.

In January 2005, Plaintiff requested permission from Hardy to travel to California. Hardy discussed the request with McDowell and told Plaintiff that she was denying his request because McDowell had said "No way can he go to California." After Plaintiff threatened to sue, Hardy spoke with Bachman, but ultimately denied the request. Plaintiff then complained directly to Bachman. Bachman informed Plaintiff that the decision whether to grant written permission for out-of-state travel was left to the discretion of Hardy, and that he would not override Hardy's decision. Plaintiff then alleges that Bachman contacted Plaintiff's attorney and told him that Plaintiff would be granted permission to travel to California but that the travel would be subject to several conditions. Plaintiff does not allege the substance of those conditions, but states that they would have further violated his constitutional rights.

LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Here, the pleadings are closed for the purposes of Rule 12(c) because a complaint and answer have been filed and no counterclaim or cross-claim is alleged. Doe v. U.S., 419 F.3d 1058, 1061 (9th Cir. 2005).

Page 2 - FINDINGS AND RECOMMENDATION

Because Defendants use Rule 12(c) to raise the defense of failure to state a claim, the motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6). McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988). Under Rule 12(b)(6), "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005) (quotation omitted). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Id. (quotation omitted).

## ANALYSIS

Defendants argue that Plaintiff's §1983 claim is a direct challenge to the terms of his probation. Such challenges are barred under Heck v. Humphreys, 512 U.S. 477 (1997), and its progeny.

In Heck, the Supreme Court held that in order to state a claim for damages under 42 U.S.C. §1983 "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. In Edwards v. Balisok, 520 U.S. 641 (1997), the Court extended Heck to §1983 actions seeking declaratory or injunctive relief. Id. at 648.

One of the conditions of Plaintiff's probation is that he may not travel outside the State of Oregon without written permission. The terms of Plaintiff's probation are part of his sentence. O.R.S. 137.540 (conditions of probation); see also U.S. v. Brown, 59 F.3d 102, 104-05 (9th Cir.

Page 3 - FINDINGS AND RECOMMENDATION

1995 (on motion to dismiss for double jeopardy, stating that parol and probation are part of the original sentence). Plaintiff's probation officer exercised her discretion and denied Plaintiff's request to travel to California. Plaintiff now challenges that decision, and in doing so, challenges the enforcement of a term of his probation. The court agrees with Defendants that Plaintiff's §1983 claim is a direct challenge to the terms of his probation.

Plaintiff has not alleged that his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Because Plaintiff's sentence has not been rendered invalid, and a judgement in plaintiff's favor on this §1983 claim "would necessarily imply the invalidity of the conviction or sentence," the complaint should be dismissed. Heck at 487.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (No. 16) should be GRANTED and Plaintiff's complaint should be dismissed without prejudice.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 28, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 13th day of December, 2005.

    /s/ Paul Papak
Honorable Paul Papak
U.S. Magistrate Judge